IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA          )
                                  )
v.                                )          No. 2:10-CR-110
                                  )
VICTOR ORTIZ GARCIA               )

**MEMORANDUM AND ORDER**

The defendant will be sentenced on June 5, 2012. At paragraph 49 of the presentence investigation report ("PSR"), the probation office recommends that the defendant's offense level be increased by three pursuant to U.S.S.G. § 3B1.1(b) based on his role as a manager or supervisor of the charged cocaine and marijuana conspiracy. At paragraph 63 of the PSR, the probation office adds two criminal history points because the defendant was on probation at the time the instant offense was committed.

The defendant objects to both of the above-cited applications. In addition, he objects that he should instead be deemed a minor participant in the conspiracy, and that his offense level should therefore be reduced by two pursuant to U.S.S.G. § 3B1.2(b). The court finds that a hearing on the objections is unnecessary. For the reasons provided herein, the defendant's objections will be overruled.

# I.

## *Criminal History*

In his sentencing memorandum filed on May 25, 2012, the defendant withdrew his objection to the calculation of his criminal history. [Doc. 973, p.2]. That objection is now moot.

# II.

## *Aggravating and Mitigating Role Adjustments*

Section 3B1.1(b) of the advisory sentencing guidelines provides for a three-level increase in the offense level, "If the defendant was a manager or supervisor [of one or more other participants] . . . and the criminal activity involved five or more participants or was otherwise extensive . . . ." The instant conspiracy (in which 36 defendants are charged) involved five or more participants.

As for the issue of managerial/supervisory capacity, neither the defendant's objection nor his sentencing memorandum offers any argumentation whatsoever. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted).

The court is able to resolve the defendant's remaining objections by looking to the facts admitted by him in his plea agreement. The defendant "often directed co-defendant Jose Delapaz Delacruz to pick up cocaine for him from" codefendant Tomas

Estrada Sarabia, the central figure in this case. [Doc. 420, ¶ 4(b)]. The defendant "also used Delacruz to deliver money to Estrada." *Id.*

The defendant admits responsibility for distributing a significant amount of cocaine and marijuana. [Doc. 420, ¶¶ 4(a), (o)]. He also traveled with Estrada Sarabia on at least three occasions to meet with primary cocaine suppliers, and the defendant and Sarabia discussed what price per pound they should set for their marijuana sales. [Doc. 420, ¶¶ 4(b), (o)]. The defendant also "often assisted" in translating conversations between Estrada Sarabia and a non-Spanish-speaking codefendant. [Doc. 420, ¶ 4(m)].

Based on these admitted facts, the court finds that the defendant was significantly involved in planning and organizing the extensive drug distribution network in this case. Further, he "often directed" the actions of a codefendant. The defendant's offense level is therefore properly increased by three for being a manager or supervisor, pursuant to U.S.S.G. § 3B1.1(b).

Lastly, because the defendant is properly deemed a manager/supervisor, he is not entitled to a minor role reduction under § 3B1.2(b). In any event, the court would not apply that adjustment because the defendant is only being held accountable for the quantity of drugs attributable to him. *See U.S. v. Campbell*, 279 F.3d 392, 396 (6th Cir. 2002) ("Defendants may be minimal or minor participants in relation to the scope of the conspiracy as a whole, but they are not entitled to a mitigating role reduction if they are held accountable only for the quantities of drugs attributable to them.").

3

For the reasons provided herein, the defendant's objections to his PSR are overruled in their entirety.[1]

**IT IS SO ORDERED.**

ENTER:

<u>      s/ Leon Jordan      </u>
United States District Judge

---

[1] In his objections, the defendant also that his criminal history classification is substantially overstated. The defendant remains free to argue that issue at sentencing.